NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 28 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



SULIETO GUITCHE DOMINGO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-846

Agency No.
A204-621-236

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 26, 2024**
Pasadena, California

Before: GRABER and FORREST, Circuit Judges, and SELNA, District Judge.***

Petitioner Sulieto Guitche Domingo Jr. is a native and citizen of the

Philippines.  He seeks our review of a final order of removal issued by the Board

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable James V. Selna, United States District Judge for the
Central District of California, sitting by designation.

of Immigration Appeals ("BIA").  We deny the petition.

Petitioner lawfully entered the United States in 2002 but overstayed his visa. While here, he amassed a considerable criminal history, culminating in a 2018 conviction for assault with a semiautomatic firearm, in violation of California Penal Code Section 245(b).  After he served a prison sentence, an immigration judge ("IJ") denied Petitioner's claim for deferral of removal under the Convention Against Torture ("CAT") and ordered Petitioner removed due to his conviction of an aggravated felony.  Petitioner appealed to the BIA.  Petitioner did not challenge the conclusion that he was removable; he sought only deferral of removal under the CAT.  The BIA dismissed Petitioner's appeal, and Petitioner timely filed for review in our court.

Where, as here, the BIA adopts the IJ's reasoning, we review both decisions. Garcia-Martinez v. Sessions, 886 F.3d 1291, 1293 (9th Cir. 2018).  We review for substantial evidence the agency's factual findings, meaning that "administrative findings of fact are conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary."  Ruiz-Colmenares v. Garland, 25 F.4th 742, 748 (9th Cir. 2022) (citation and internal quotation marks omitted).  We review de novo issues of law regarding CAT claims.  Velasquez-Samayoa v. Garland, 49 F.4th 1149, 1154 (9th Cir. 2022).

Petitioner raises two main arguments: that the record compels different factual findings and that the agency committed a legal error by failing to consider collectively all the potential grounds for torture. Neither argument persuades us.

First, although the record contains evidence of President Duterte's brutally violent anti-drug and anti-crime policies, it does not compel us to disagree with the agency's determinations as to the likelihood of Petitioner's individualized risk of torture. Petitioner asserted that he would face torture under the Duterte regime for one or more of four reasons: (1) his criminal record, including prior illegal drug use, would cause him to be added to a "kill list"; (2) his gang-related tattoos would cause security forces to kill him because tattoos carry a criminal connotation; (3) his potential lack of access to psychiatric medications and the resulting behavioral manifestations of his mental disorders would lead others to conclude that he is on drugs; and (4) his perceived affluence would result in his kidnapping.[1] But substantial evidence supports the BIA's ruling that Petitioner failed to demonstrate that it is more likely than not that he in particular would be tortured by, or with the acquiescence of, the government if removed to the Philippines. 8 C.F.R. §§ 1208.17(a), 1208.16(c)(1)–(3); see also Hussain v. Rosen, 985 F.3d 634, 649

---

[1] We reject Petitioner's arguments that the agency failed to consider his prior illegal drug use, his inability to afford prescription medications if removed to the Philippines, or his risk of kidnapping and torture because of his perceived wealth. Both the IJ and the BIA considered each of those arguments.

(9th Cir. 2021) (stating that, to succeed on a CAT claim, a petitioner is required to show a "particularized threat of torture" (citation and internal quotation marks omitted)).

Petitioner also argues that the agency misapplied Matter of J-F-F, 23 I&N Dec. 912 (A.G. 2006), and failed to consider his claims in the aggregate, as required by Velasquez-Samayoa, 49 F.4th 1149.  We disagree.  The BIA cited Matter of J-F-F only for the proposition that Petitioner must "establish that every step in the hypothetical chain of events that would lead to his torture by any or all the groups he fears is more likely than not to occur."  That general principle—that speculation is not enough to prevail on a CAT claim—applies universally, even when there are many alleged reasons why a petitioner would be tortured. Velasquez-Samayoa, 49 F.4th at 1155.  And the agency did consider all of Petitioner's claims collectively.

The temporary stay of removal remains in place until the mandate issues. The motions for stay of removal are otherwise denied.

**PETITION DENIED.**